UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-MC-80387 -MARRA

IN RE SUBPOENAS SERVED ON
CHRISTINA BOBB

In the matter of
FREEMAN and MOSS,       21-cv-3354 (D.D.C.)

    Plaintiffs

v.

GIULIANI

    Defendant.
_____ /

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH RULE 45 SUBPOENAS

THIS CAUSE is before the Court upon Movant Christina Bobb ("Bobb")'s miscellaneous action to quash third-party subpoenas issued to her by counsel for Plaintiffs in an underlying matter, *Freeman v. Giuliani*, Case No. 21-cv-3354 (D.D.C.), directing Bobb to produce documents and appear for her deposition (DEs 1, 1-1). The Court has carefully considered Bobb's motion, argument presented at the April 20, 2023 hearing, the Parties' Joint Supplemental Notice Regarding Discovery Dispute (DEs 19, 19-1 and 19-2), and is otherwise fully advised in the premises.

The Court appreciates the parties' efforts to narrow the discovery dispute and, based on their representations, notes that Document Request No. 4 no longer requires Court resolution (DE 19 at 1). The Court understands further, based on representations during the recent April 20

1

hearing, that Bobb agrees to appear for her deposition.[1] As to the remaining Document Request Nos. 1-3 and 5-14 which still are in dispute, the Court finds as follows.

Plaintiffs are entitled to non-privileged responsive documents and communications which pertain to alleged election fraud occurring at the State Farm Arena in Atlanta, Georgia, during the 2020 Presidential election without regard to whether such responsive documents and communications are directly connected to Defendant Giuliani. The Court finds that although such discovery may not be directly relevant to the precise matters at issue in the underlying case, such documents may lead to the discovery of relevant evidence. The Court further finds that Plaintiffs are not entitled to discovery that may relate to alleged election fraud in the greater State of Georgia, any other state, or the District of Columbia, where it has been claimed by some that election fraud occurred. The Court concludes that such discovery is neither relevant to the issues in the underlying case, nor is it reasonably calculated to lead to the discovery of evidence relevant to the issues in the underlying case. The Court also concludes that such discovery would not be proportional to the needs of the case. The parties are further advised to govern themselves consistent with the Court's opinion that the Plaintiffs' requests which overreach beyond Counts I-III of the underlying lawsuit (21-cv-3354 at DE 22) are disfavored, and Movant Bobb's cooperation in responding to the subpoenas, as narrowed herein, is expected. Lastly, the Court directs that inquiries made by Plaintiffs at Bobb's deposition shall be consistent with limitations contained in this order.

Accordingly, it is **ORDERED AND ADJUDGED** that the Court **GRANTS** the motion to quash, in part, and **DENIES** the motion to quash, in part, as set forth above. Bobb and Plaintiffs'

---

[1] To the extent Bobb sought to stay her deposition during the pendency of her motion (DE 1, at n 2), such request is denied as moot.

requests for attorney fees are **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of April, 2023.

KENNETH A. MARRA
United States District Judge

cc: All counsel of record

3